

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2009

# Richard Thompson v. Michelle Ricci

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4561

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Richard Thompson v. Michelle Ricci" (2009). *2009 Decisions.* Paper 1472.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1472

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-136                                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4561
_____

RICHARD THOMPSON,
Appellant

v.

MICHELLE R. RICCI,
Administrator

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-02694)
District Judge:  Honorable Joel A. Pisano

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 19, 2009

Before:  RENDELL, HARDIMAN and STAPLETON, Circuit Judges

(Filed  April 27, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

   Richard Thompson appeals from an order of the District Court denying his motion

for reconsideration under Fed. R. Civ. P. 59(e).  For the reasons that follow, we will

affirm.

Thompson is a contract federal prisoner currently incarcerated in New Jersey State Prison. On September 13, 1974, he was sentenced in the Eastern District of Virginia to an eight-year Youth Corrections Act ("YCA")[1] sentence for the crime of assault with intent to commit rape. Then, on June 27, 1977, he was sentenced in the Central District of California to life imprisonment for the murder of a fellow inmate. Thompson was released from the YCA sentence in 1980, and at that time began serving his consecutive life sentence.

Thompson was first denied parole in 1992. On July 22, 2004, he filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the Western District of Michigan. Therein, he sought to correct allegedly erroneous information in his 1974 pre-sentence report ("PSR").[2] The District Court denied Thompson's petition. Concluding that "section 2241[] is not available to mandate the correction of idle facts before the Parole Commission," the District Court reasoned that any inaccuracies in the PSR related to the attempted rape conviction were irrelevant to the denial of parole.[3] The Sixth Circuit

---

[1] 18 U.S.C. § 5005 et seq. (1976) (repealed 1984).

[2] Thompson alleged that the Commission improperly characterized his YCA conviction as one for "rape" instead of "attempted rape."

[3] Instead, the District Court found that Thompson was denied parole because of his "more recent convictions of murder of an inmate, escape from a federal facility, and stabbing a prison guard seventeen times."

2

affirmed.

Thompson's second parole denial occurred in September of 2006. Following that decision, the United States Parole Commission ("the Commission") adopted the recommendation of the hearing examiner and mandated participation in a "Special Sex Offender Aftercare Treatment" program as a precondition for Thompson's parole, based on the YCA conviction. Thompson appealed the Commission's decision, and the National Appeals Board affirmed. He then filed the instant habeas corpus petition pursuant to § 2241.

Thompson set forth two claims in his amended petition: 1) that the inaccurate information in the PSR impermissibly factored into his parole denial, and thus led to the deprivation of his Fifth Amendment rights; and 2) that the United States Parole Commission violated the Ex Post Facto Clause by attaching participation in a sex offender treatment program as a condition of any future parole, based on his 1974 YCA conviction for assault with intent to commit rape. The District Court denied the petition, and denied Thompson's subsequent motion for reconsideration.

Turning to the instant appeal, we agree with the District Court that Thompson could have, and therefore should have, raised his Fifth Amendment claim related to the allegedly erroneous information in his 1974 PSR in his first § 2241 petition. See Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) ("a petitioner may not raise new claims that could have been resolved in a previous action"). But even if the claim's factual predicate

3

did not arise until his second parole denial, as Thompson suggests, his claim would still fail. The Commission's decision makes clear that he was denied parole because of his myriad disciplinary infractions while incarcerated, including an attempted escape, murder of an inmate, assault on a corrections officer, and possession of a knife. (Hab. Pet. at Ex. D, pgs. 1-2.). Conversely, the decision does not indicate that he was denied parole because of the YCA conviction, regardless of how its underlying conduct was categorized.

We also find that Thompson has failed to make out a viable Ex Post Facto claim.[4] "A new law or policy violates the Ex Post Facto clause (1) when it is retrospective, i.e., when it 'appl[ies] to events occurring before its enactment,' and (2) when it 'disadvantage[s] the offender affected by it.'" Mickens-Thomas v. Vaughn, 321 F.3d 374, 384 (3d Cir. 2003) (quoting Weaver v. Graham, 450 U.S. 24, 29 (1981)). We need not decide whether attachment of a "Special Sex Offender Aftercare Treatment" condition to parolees constitutes a "new law or policy" of the Commission. Even if it did, Thompson's allegations fall short of demonstrating that the law or policy has actually disadvantaged him. See generally id. (Ex Post Facto violation where inmate was denied

---

[4] It is also unclear as to whether the claim has been exhausted. Thompson of course has the burden of demonstrating exhaustion of his administrative remedies before proceeding under § 2241. See Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). Notwithstanding a failure to exhaust, however, we may deny claims in a § 2241 petition if they are without merit. See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000); Maddox v. Elzie, 238 F.3d 437, 442 (D.C. Cir. 2001); cf. 28 U.S.C. § 2254(b)(2).

4

parole three times based on retroactive application of new parole statute).

There being no substantial question presented by Thompson's appeal, we will summarily affirm the District Court's order. <u>See</u> LAR 27.4; I.O.P. 10.6.